JOSEPH MICHAELS et al., Copartners Doing Business under the Name of JOSEPH MICHAELS CO., Respondents, v. LISPENARD HOLDING CORP., Defendant; LEO FENSTER et al., Appellants, and CROWN LITHO, INC., Respondent.

First Department, June 14, 1960.

*Charles H. Fier* of counsel (*Elihu Fier* with him on the brief; *Charles H. Fier*, attorney), for appellants.

*Herbert H. Halberg* of counsel (*Standard, Weisberg, Harolds & Malament*, attorneys), for respondents.

*Per Curiam.* This is an appeal by the individual defendants from an order denying their motion for summary judgment dismissing the complaint and the cross complaint of Crown Litho, Inc. The complaint and cross complaint as against these individual defendants-appellants are based upon the claim that they are managing agents in exclusive control of the premises.

Plaintiffs, a copartnership, are occupants under an expired lease of the store premises at No. 64 Lispenard Street, Manhattan, a building owned by the defendant Lispenard Holding Corp. They sue here for property damage allegedly suffered as a result of a water leakage which occurred when an overhead water tank in the men's lavatory in the first floor loft occupied by Crown Litho, Inc., collapsed and fell. Plaintiffs allege that the tank fell as a result of repairs carelessly and improperly made, the maintenance of a defective plumbing system, and that the defendants knowingly permitted a dangerous condition to exist.

The individual defendants, the appellants here, are corporate officers and directors of Lispenard Holding Corp. Plaintiffs contend that they are liable as managing agents in exclusive control of the premises, and assert in their bill of particulars that some repairs were made by defendants' superintendent, and that some 2½ years earlier plumbers engaged by the owner and appellants made certain repairs to a broken water pipe in the first floor loft which were inadequate and improper.

Appellants contend that all of their actions were performed in their capacity as corporate officers.

Examination of certain of the exhibits indicates that corporate checks were issued in payment of the salary of the superintendent, and for expenses having to do with the maintenance, operation and repair of the premises. A release attached as an exhibit reveals that plaintiffs' predecessor in interest and occupancy executed same to Lispenard Holding Corp. and

that written notice of the occurrence complained of was given by plaintiffs to the corporate owner.

"Corporate officers or agents are personally liable for those torts they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body." (3 Fletcher, Corporations, § 1135, p. 707; § 1137, p. 711.) It has been held that corporate officers "are not liable for nonfeasance; they are liable for misfeasance, or malfeasance; and that negligence in actually performing duties is misfeasance rather than nonfeasance" (*ibid.*, § 1161, pp. 771–773).

A corporation can only act through its officers. Before a corporate officer acting as agent can be held liable individually to third parties it must appear that the acts were other than the ordinary acts of corporate agents acting for their principal or that they were in exclusive and complete control of the management and operation of the building (*Gardner* v. *1111 Corp.*, 286 App. Div. 110, affd. 1 N Y 2d 758; *Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450). When acting as agents of the corporate owner they are liable for misfeasance only (*Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199). "The rule of nonliability for the negligence of an agent or servant on account of nonfeasance is limited to breaches of duty owed by him to his principal, and has no application where there is a breach of duty owing by the agent himself to third persons." (3 Fletcher, Corporations, § 1135, pp. 710–711.)

It is clear from the pleadings, the bill of particulars and the exhibits that the corporate owner was not divorced from all control, and equally clear that the appellants did not personally make the repairs. If they were actors and had actually done the work, they might of course be liable regardless of exclusive management and control in the owner, or, if by agreement with the principal the appellants had a duty and the power to repair and failed to do so, liability might arise. (See 3 Fletcher, Corporations, § 1137; Restatement, Torts, §§ 357, 353.) Something more than the mere status of corporate officer must exist before individual liability can attach to these appellants.

If the lessor by statute or contract had the duty or obligation to make repairs in that portion of the premises occupied by Crown Litho, Inc., and gave to its agent and the agent accepted the power, authority and responsibility to make such repairs as if he were controlling the premises on his own account, the agent's liability for negligence would embrace nonfeasance as well as misfeasance. Here rents were paid to the owner who controlled the funds, repairs were paid for by it, and even

plaintiffs recognized its control by giving notice to the corporate owner.

The order appealed from should be reversed on the law, the motion by appellants to dismiss the complaint and cross complaint of Crown Litho, Inc., as to them should be granted, with costs.

BOTEIN, P. J., BREITEL, RABIN, MCNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the motion for summary judgment is granted, with $10 costs, and judgment directed in favor of defendants, Leo Fenster and Adolph Roth, dismissing the complaint and the cross complaint of the defendant, Crown Litho, Inc., with costs.