■ HATTIE GRAHAM, as Administrator of the Estate of HENRY A. GRAHAM, et al., Respondents, v AUGUSTUS CHESTER, Appellant.—Order, Supreme Court, Bronx County, entered January 10, 1977, which, to the extent appealed from, denied defendant's cross motion to dismiss pursuant to CPLR 3215 (subd [c]), is unanimously reversed, without costs and without disbursements, on the law and the facts, and the defendant's cross motion to dismiss is granted unless plaintiffs' attorneys pay $500 to the defendant within 30 days of service upon plaintiff of a copy of the order to be entered herein with notice of entry. If such condition is met, the order is affirmed, without costs and without disbursements. In this wrongful death action, service of summons was made upon the Secretary of State under subdivision 2 of section 253 of the Vehicle and Traffic Law on or about May 20, 1970. Defendant never filed an accident report. In March, 1975, defendant's insurer, Travelers Insurance Company, received a letter from plaintiff's counsel containing a summons and affidavit of service. There then ensued correspondence between the insurer and plaintiff's counsel regarding the difficulty of ascertaining if defendant was covered and exchanging additional information in order to determine whether or not there was coverage. This exchange continued until September, 1975. In March, 1976, plaintiff moved for an order directing the matter to be put on the calendar for the purpose of an inquest assessing damages. The defendant cross-moved to dismiss the complaint for failure to take a default judgment within one year, and claimed that the court lacked personal jurisdiction of the defendant. The latter question was referred to a Special Referee who recommended jurisdiction be resolved in favor of the plaintiff; the motion and cross motion were meanwhile held in abeyance. On December 6, 1976, plaintiff moved to confirm the Special Referee's report and to place the action on the calendar for inquest and assessment of damages or, in the alternative, to require defendant to submit an answer. On January 5, 1977, the trial court granted plaintiff's motion to the extent of directing defendant to serve an answer. Defendant presses for dismissal under CPLR 3215 (subd [c]) because of plaintiff's failure to take a default judgment within one year. The proceeding may be deemed abandoned unless sufficient cause is shown why the complaint should not be dismissed. Any unreasonable delay, depending upon the nature of the action, the degree of merit and the particular problems the litigating plaintiff faced, may support dismissal. No particular period of delay is required, but considering all factors, it should be substantial. *(Sortino v Fisher,* 20 AD2d 25, 28.) Bearing in mind that this is a wrongful death action, we observe that if the complaint were dismissed, severe hardship will result to the widow and children who will be deprived of their day in court. On this record, any violation of the above standards for judging whether to dismiss the action can be laid at the door of plaintiff's counsel. Consequently, we exercise our discretion to permit plaintiff to continue the action upon payment by her attorneys of the sum of $500 which should ameliorate any inconvenience the defense has experienced. Concur—Birns, J. P., Evans, Lane and Lynch, JJ.