■ Herbert Broder et al., Respondents, v City of New York, Defendant, Frank Moraco, Appellant, and Toys'R Us et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.) entered November 20, 1990 which, *inter alia,* granted plaintiffs' motion for a default judgment as against defendant Mill Basin Bait, Inc. and denied the cross-motion to dismiss the complaint and cross-claims against defendant Frank Moraco as an individual defendant and as against defendant Mill Basin Bait, Inc.,

unanimously modified insofar as to reverse that part of the order which granted plaintiffs' motion for a default judgment and denied that branch of defendant's cross-motion seeking dismissal of the complaint pursuant to CPLR 3215 (c), and otherwise affirmed, without costs.

Plaintiffs commenced a personal injury action after their 36 foot pleasure boat exploded following its refueling with gasoline at a shoreline dock leased and operated by defendant Mill Basin Bait, Inc. Defendant Frank Moraco, president of Mill Basin Bait, Inc. and a 50% shareholder in the company, testified at his deposition that a Certificate of Fitness to Dispense Gasoline at the Mill Basin dock was issued to him personally and that he was not present on the Mill Basin premises at the time the accident occurred. The record establishes Mr. Moraco, two days following the accident, was issued two summonses, in his own name citing him for operating a gasoline dock without a valid New York City Fire Department Permit and for operating the dock without the continuous supervision of a person holding a Certificate of Fitness to Dispense Gasoline, as is required by section 27-4081 of the Administrative Code of the City of New York. Mr. Moraco ultimately pled guilty to these citations and was fined $600.

Defendant Moraco now argues the court erred in failing to dismiss the complaint as to him, individually, as there is no allegation he conducted the Mill Basin Bait, Inc. business in his own individual capacity. Contrary to defendant Moraco's contention, plaintiffs' pleadings, *i.e.* that "Moraco * * * did not have proper and required governmental authority and authorization and permits to dispense gasoline, and operated a gasoline dispensing facility in violation of applicable laws and regulations", coupled with Mr. Moraco's admissions, by his guilty pleas, sufficiently sustain the complaint charging Moraco with liability arising from his exclusive responsibility for gasoline dispensing and his alleged misfeasance/malfeasance. *(See generally, Tucker v Meola,* 170 AD2d 667; *Michaels v Lispenard Holding Corp.,* 11 AD2d 12.)

Next, defendant Moraco is correct in arguing the IAS Court abused its discretion when it failed to grant that branch of the cross-motion seeking dismissal of the complaint, as against defendant Mill Basin Bait, Inc., where plaintiffs failed to enter judgment within one year after Mill Basin Bait, Inc.'s default in answering the complaint. *(See generally,* CPLR 3215 [c].) CPLR 3215 (c) requires dismissal of the complaint as abandoned, unless sufficient cause is shown why the complaint should not be dismissed. *(See, Graham v Chester,* 60 AD2d

523.) The record does not support the IAS Court's finding of "sufficient cause" premised upon defendant Moraco's purported evasiveness, during his EBT, regarding the true name of the corporate defendant (e.g., Mill Basin Bait, Inc.). In any event, plaintiffs do not explain how this alleged evasiveness prevented them from timely seeking a default judgment against defendant Mill Basin Bait, Inc. and moreover, it is noted plaintiffs never claimed difficulty in serving defendant Mill Basin Bait, Inc. with the original complaint back in July 1984. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.