■ IAN ZWERDLING et al., Respondents-Appellants, v MAUREEN ZACK, Respondent, and ABRAHAM RUSS, Appellant-Respondent. [609 NYS2d 259] —In an action for rescission of a lease, the defendant Abraham Russ appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 5, 1992, as denied in part his motion for summary judgment dismissing the complaint insofar as it is asserted against him, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion which was for summary judgment dismissing the fourth cause of action relating to real estate taxes insofar as it is asserted against the appellant.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion which were for summary judgment dismissing the first and third causes of action relating to environmental contamination and to the interest of the national gasoline retailers insofar as it is asserted against him, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs' cross appeal is dismissed as abandoned; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The decedent Gertrude Donnelly and the individual plaintiffs, Ian Zwerdling and Carl Demitrieus, executed a lease in October 1987 for real property located in Valley Stream, New York. Thereafter, the lease was assigned to United Petroleum System, Inc., a business formed by the individual plaintiffs. It was alleged that the defendant Abraham Russ on behalf of the decedent commenced negotiations between the individual plaintiffs. It was further alleged that Russ misrepresented certain material information regarding the premises.

It is clear that information as to whether national gasoline retailers were interested in subleasing was readily available upon the plaintiffs making a reasonable inquiry. It is also clear that information as to whether the gasoline station was environmentally contaminated was also readily available upon

a reasonable inspection of the premises. The plaintiffs' position that experienced business people, in assuming a major proprietary interest and incurring a heavy financial obligation, relied on the verbal assurances of Russ, is implausible *(see, Most v Monti,* 91 AD2d 606). Under the circumstances, the plaintiffs unreasonably failed to investigate the truth of the alleged misrepresentations *(see, Danann Realty Corp. v Harris,* 5 NY2d 317). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.