■ Pedro J. Mendez, an Infant, by His Mother and Natural Guardian, Aqueda Perdomo, et al., Respondents, v City of New York et al., Defendants, and Central Morris Corp. et al., Appellants. [687 NYS2d 346] —Order, Supreme Court, New York County (Douglas McKeon, J.), entered April 2, 1998, which, upon renewal and reargument of an earlier order, adhered to the denial of defendants-appellants' cross motion for summary judgment, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, without costs, and said cross motion granted for summary judgment dismissing the complaint as against the individual appellants, Heyliger and Raniolo. The Clerk is directed to enter judgment in favor of the individual appellants Heyliger and Raniolo dismissing the complaint as against them. Appeal from the earlier order, same court (Gerald Esposito, J.), entered January 16, 1998, unanimously dismissed, without costs, that order having been superseded by the later order.

Plaintiffs allege poisoning of the infant from exposure to lead-based paint while resident at an apartment in the Bronx from February 1990 to April 1991, and at another apartment in Queens from August 1991 to April 1994. The Bronx apartment was owned by defendant Central Morris Corp., whose president was defendant Raniolo. Defendant Heyliger was hired by the managing company (which has not been named as a party defendant) to be the field management agent for the Bronx property.

Heyliger testified at deposition that any supervisory or maintenance tasks he might have performed with respect to plaintiffs' apartment were accomplished solely in his capacity as an employee of the managing company, and this was uncontested. Similarly, Raniolo attested, in his affidavit, that his sole connection with the building was as president of the corporate owner, Central Morris.

In their cross motion for summary judgment, appellants as-

serted that neither Heyliger nor Raniolo was acting in his individual capacity at any point relevant to this action. This assertion was not only uncontroverted, but completely ignored by plaintiffs. Where there is no evidence of independently tortious conduct on the part of individual defendants, and nothing in the record raises a triable dispute that they acted at all times within the scope of their employment, those individuals are entitled to summary dismissal of the action (*Urbach, Kahn & Werlin v 250/PAS Assocs.*, 176 AD2d 151, 152; *see also, Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915). An individual acting solely in his capacity as agent of his corporate principal, without any showing of exclusively independent control of operations, cannot be held individually liable for alleged corporate wrongdoing (*Michaels v Lispenard Holding Corp.*, 11 AD2d 12). Accordingly, the individual defendants, Heyliger and Raniolo, were entitled to summary dismissal of the action against them. Concur—Sullivan, J. P., Nardelli, Tom and Wallach, JJ.