■ ALEXANDER LYONS, an Infant, by His Father and Natural Guardian, DAVID LYONS, et al., Appellants, v MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Respondent, et al., Defendants. [730 NYS2d 345] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), entered July 31, 2000, which granted the motion of the defendant Medical Malpractice Insurance Association for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Medical Malpractice Insurance Association.

In 1987 the plaintiffs, an infant and his father, settled a medical malpractice action against an insured of the respondent, Medical Malpractice Insurance Association (hereinafter MMIA). The structured settlement package included, *inter alia,* an annuity providing for payments to the infant plaintiff of $3,000 per month for life. At the time of settlement, MMIA represented the present value of the entire settlement package to be $940,180.

In 1992 the plaintiffs commenced this action against, among others, MMIA, seeking damages for fraud, intentional misrepresentation, and negligent misrepresentation. The plaintiffs alleged that MMIA, who had knowledge and expertise in the area of structured settlements, had misrepresented the present value of the annuity provision of the settlement knowing that the plaintiffs would rely on such a misrepresentation to their detriment in settling the matter. MMIA moved for summary judgment dismissing the complaint insofar as asserted against

it. While noting that it was "undisputed that the present value of the structure was, indeed, $410,000," far less that it was initially represented to be, MMIA argued that the plaintiffs were not entitled to rely on the represented present value of the package because they could have and should have independently determined the value for themselves. Thus, MMIA asserted, there could be no recovery because there was no reasonable reliance on the alleged misrepresentation. Further, MMIA argued there could be no recovery on the claim for negligent misrepresentation because the relationship between the parties was not one of privity or one approaching privity. The Supreme Court granted MMIA's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

There are questions of fact as to whether the represented present value of the settlement package was a fraudulent, intentional, or negligent misrepresentation, and whether the plaintiffs' alleged reliance thereon was reasonable (*see, Danann Realty Corp. v Harris,* 5 NY2d 317; *Grammar v Turits,* 271 AD2d 644; *Stone v Schulz,* 231 AD2d 707; *Zwerdling v Zack,* 202 AD2d 577; *Mehta v Mehta,* 196 AD2d 842; *Calspan Corp. v Fingermatrix, Inc.,* 104 AD2d 1016). Further, there was sufficient privity between the parties to support a claim for negligent misrepresentation (*see generally, State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427; *Securities Investor Protection Corp. v BDO Seidman,* 95 NY2d 702; *Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377). MMIA was aware that the alleged misrepresentation was going to be used for a particular purpose, the plaintiffs were a known party who allegedly relied on the alleged misrepresentation in furtherance of that purpose, and there was conduct by MMIA linking it to the plaintiffs and evincing its understanding of such reliance (*see, State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, supra; Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood, supra; Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536).

MMIA's remaining contention was not raised before the Supreme Court and, therefore, is not properly before this Court on appeal. Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.