■ Juliana Parris, Appellant, v Eastside Hotel Associates, L.P., et al., Defendants, and Pedro Carrasco, Respondent. [740 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered January 19, 2001, which, upon the granting of the motion of the defendant Pedro Carrasco pursuant to CPLR 4401, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant Pedro Carrasco (hereinafter the defendant) pursuant to CPLR 4401. Upon the evidence presented, there is no rational basis by which the fact finder could find in favor of the plaintiff against the defendant (*see Szczerbiak v Pilat,* 90 NY2d 553). There is no evidence of any independent tortious conduct on the part of the defendant as the record demonstrates that all of his actions were within the scope and course of his employment (*see Mendez v City of New York,* 259 AD2d 441, 442; *see also Murtha v Yonkers Child Care Assn.,* 45 NY2d 913). In addition, the doctrine of respondeat superior does not impose vicarious liability upon coemployees, even where one is acting in a supervisory capacity (*see Kendall v Venture Dev.,* 206 AD2d 797; *Connell v Hayden,* 83 AD2d 30, 50). Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.