■ TOMMY LEE HAYWOOD et al., Respondents, v GRAND CONCOURSE RADIOLOGY et al., Defendants, and UNITED HOSPITAL MEDICAL CENTER et al., Appellants. [767 NYS2d 610]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 11, 2003, which, in a medical malpractice action, denied motions by defendants-appellants doctor and hospital to change venue to Westchester County, unanimously affirmed, without costs.

A prior motion by appellants, among others, to change venue from Bronx County to Westchester County was denied with leave to renew on the ground that the proofs were inconclusive as to whether defendant Dr. Jacobson, who had appeared, and

defendants Dr. Wayne and Grand Concourse Radiology, who had not appeared and continue to be absent, were Bronx County residents at the time the action was commenced. Upon completion of disclosure some three years later, plaintiffs discontinued as against Dr. Jacobson, among others, leaving only appellants, Dr. Wayne and Grand Concourse as party defendants. Appellants then moved for a change of venue to Westchester County, arguing that the discontinuance against Dr. Jacobson severed any possible relationship the action may have had to Bronx County, since appellants were residents of Westchester County and the only other remaining defendants, Dr. Wayne and Grand Concourse, had not appeared. The motions were properly denied. While plaintiffs' discontinuance against Dr. Jacobson is relevant to whether there should be a discretionary change of venue from the Bronx to Westchester (*see Fernandez v NYLCare Health Plans*, 276 AD2d 268 [2000]; *Gramazio v Borda, Wallace & Witty*, 181 AD2d 428 [1992]), we reject appellants' argument that plaintiffs' failure for more than a year to seek a default judgment against Dr. Wayne and Grand Concourse requires that their claims against those defendants be deemed abandoned pursuant to CPLR 3215 (c). Absent an order dismissing these claims as abandoned, i.e., finding no sufficient cause for the delay (*see LaValle v Astoria Constr. & Paving Corp.*, 266 AD2d 28 [1999]; *Graham v Chester*, 60 AD2d 523 [1977]), Dr. Wayne and Grand Concourse remain parties to the action on whose residence plaintiffs can rely in selecting venue (CPLR 503 [a], [d]). Denial of appellants' motions to change venue without leave to renew was a proper exercise of discretion given the late stage of the action (*cf.* CPLR 511 [b]) and appellants' failure up to the present time to avail themselves of the leave granted in the prior order to adduce evidence of Dr. Wayne's and Grand Concourse's residences. We also note the evidence adduced by plaintiffs that these defendants had offices in Bronx County at the time the action was commenced. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.