(June 13, 2005)

■ HUSSAIN ALI et al., Plaintiffs, v ANA MARIA PACHECO, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. OTSEGO MUTUAL FIRE INSURANCE COMPANY et al., Third-Party Defendants; MARC AGENCY, INC., Third-Party Defendants-Appellants. [797 NYS2d 101]—

In an action to recover damages for personal injuries, etc., the third-party defendants Marc Agency, Inc., and Eric J. Kaplan appeal from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 28, 2004, as, in effect, denied that branch of their motion which was for summary judgment dismissing the third-party complaint insofar as asserted against them, without prejudice to renewal upon completion of disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant Eric J. Kaplan, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the third-party complaint is dismissed insofar as asserted against Eric J. Kaplan, and the third-party action against the remaining third-party defendants is severed.

The third-party defendant Marc Agency, Inc. (hereinafter Marc Agency), failed to make a prima facie showing of entitlement to judgment as a matter of law that it was not in a rela-

tionship "so close as to approach that of privity" (*Ultramares Corp. v Touche*, 255 NY 170, 182-183 [1931]) with the defendant third-party plaintiff, Ana Maria Pacheco, so as to defeat liability for its alleged failure to provide her with the insurance coverage she requested (*see 730 J & J v Fillmore Agency*, 303 AD2d 486, 486-487 [2003]; *see also Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417 [1989]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]; *Lyons v Medical Malpractice Ins. Assn.*, 286 AD2d 711, 712 [2001]).

However, the third-party defendant Eric J. Kaplan made a prima facie showing that, at all pertinent times, he acted within the course and scope of his employment with Marc Agency, and thus he may not be held liable in his individual capacity (*see Parris v Eastside Hotel Assoc.*, 293 AD2d 659 [2002]; *Mendez v City of New York*, 259 AD2d 441, 442 [1999]). In opposition, the defendant third-party plaintiff, Ana Maria Pacheco, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the third-party complaint insofar as asserted against Eric J. Kaplan. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.