■ DANTE WORTHY et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Respondent, and UNITED REHABILITATION CORP. et al., Appellants, et al., Defendants. [799 NYS2d 518]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 2, 2004, denying the motion by defendants United Rehabilitation, Zuckerman and Tiretta for summary judgment dismissing the complaint, modified, on the law, to grant the motion and dismiss the complaint as against Zuckerman and Tiretta, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Sufficient facts presented in opposition established a question of fact as to whether the movants had constructive notice that a child under age seven resided in the apartment (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]). However, the motion court improperly held that liability may be imposed on defendant Zuckerman, who, while the president and sole shareholder of the corporate owner of the building, was acting in his

capacity as agent for the corporate owner (*see Mendez v City of New York*, 259 AD2d 441 [1999]). As defendant Tiretta was merely a titular "managing agent" who never had complete control of the building or any duties related to remedying the hazardous condition, he may not be held individually liable for actions taken in a corporate capacity (*id.*). Concur—Sullivan, Ellerin and Nardelli, JJ.

Tom, J.P., and Saxe, J., concur in a separate memorandum by Tom, J.P., as follows: The owner of a multiple dwelling is required to remove or cover lead paint (Administrative Code of City of NY § 27-2056.1 *et seq.* [former § 27-2013 (h), added by Local Law No. 1 (1982) of City of New York § 1]). The law includes a rebuttable presumption that peeling paint in a multiple dwelling erected prior to January 1, 1960 contains a hazardous concentration of lead (Administrative Code § 27-2056.5 [former § 27-2013 (h) (2)]) and provides that the condition constitutes an immediately hazardous (class C) violation of the Housing Maintenance Code (Administrative Code § 27-2056.6 [former § 27-2013 (h) (3)]).

The owner of a multiple dwelling is responsible for its maintenance and repair (Multiple Dwelling Law § 78; *see Garcia v Dormitory Auth. of State of N.Y.*, 195 AD2d 288 [1993]) and for the correction of any violation on the premises (Administrative Code § 27-2116 [b]). The term "owner" is defined in Multiple Dwelling Law § 4 (44) to include a corporate owner. Where the premises are declared a public nuisance due to the existence of a hazardous condition, the Housing Maintenance Code expands this definition, with certain exceptions not pertinent to this matter, to include "all the officers, directors and persons having an interest in more than ten percent of the issued and outstanding stock of the owner" (Administrative Code § 27-2114 [d]), in which event such officers, directors and share owners are subject to joint and several liability for all injury to person or property sustained by reason of the condition comprising the public nuisance (Administrative Code § 27-2114 [e]).

Plaintiffs' brief is notable for the complete absence of citations to the Administrative Code, on which their action is based (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]). As a matter of statutory interpretation, it is the duty of the courts to construe an enactment so as to give effect to the legislative intent (*Thoreson v Penthouse Intl.*, 179 AD2d 29 [1992], *affd* 80 NY2d 490 [1992]; McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]). If the intent of Local Law 1 were to hold the officers and share owners of a corporation liable for lead-paint violations absent the declaration of a public nuisance, the Hous-

ing Maintenance Code undoubtedly would have been drafted to provide for personal liability in all such instances of immediately hazardous violations. Furthermore, imposing individual liability in the absence of a declared nuisance renders surplusage the expansive definition of "owner" (to include, inter alia, "officers") contained in Administrative Code § 27-2114 (d) (*see Sanders v Winship*, 57 NY2d 391, 396 [1982]; *Matter of Brusco v Braun*, 199 AD2d 27, 30 [1993], *affd* 84 NY2d 674 [1994]; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]).

It should be noted that the duty of a landlord to maintain leased premises was not derived from common law but was imposed by statute (Tenement House Act [L 1901, ch 334]; Multiple Dwelling Law § 78, added by L 1929, ch 713; *see Juarez*, 88 NY2d at 643). It remains that the duty to abate a lead hazard is imposed by statute, and it is the statute to which the courts must look to determine who is liable for its violation. As the Court of Appeals observed in *Morris v Snappy Car Rental* (84 NY2d 21, 28 [1994]), "It is axiomatic concerning legislative enactments in derogation of common law, and especially those creating liability where none previously existed, that they are deemed to abrogate the common law only to the extent required by the clear import of the statutory language." Since plaintiffs fail to allege that the subject building was ever declared a nuisance, there is no statutory basis for the imposition of individual liability on the corporate officer and sole share owner (*see Lantigua v Mallick*, 263 AD2d 467 [1999]).

In opposition to the motion to dismiss, plaintiffs sought to impose individual liability on defendant Zuckerman on the ground that, as president and sole shareholder of defendant United Rehabilitation, the corporate owner of the building, he undertook personal management of the premises. This is mere tautology. It is axiomatic that "a corporation can only act through an individual" (*Nevin v Citibank*, N.A., 107 F Supp 2d 333, 350 [SD NY 2000]). A corporate officer is not subject to personal liability for actions taken in furtherance of the corporation's business under the well-settled rule that "an agent for a disclosed principal 'will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal' " (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964], quoting *Mencher v Weiss*, 306 NY 1, 4 [1953]; *see also Yellow Book of NY v DePante*, 309 AD2d 859 [2003]). In the absence of any indication that Zuckerman intended to assume personal liability for the acts of his corporation, it is immaterial that he undertook management of the subject building. Like de-

fendant Tiretta, employed by United as its managing agent, Zuckerman acted in the capacity of agent for the corporate owner.

Plaintiffs do not contend that Zuckerman acted in bad faith or outside his capacity as a corporate officer (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 110 [2002]). They seek to impose individual liability on Zuckerman simply because, as the corporation's sole employee and shareholder, he necessarily undertook management of the premises. Applying this reasoning would invariably expose the principals of any closely held corporation to personal liability for any violation of housing standards based entirely on their control over the management of corporate business. This is so since, in any closely held corporation, the principal invariably would have complete control over the management of the corporation's affairs, especially where, as here, he is the sole shareholder and employee. The result would obviate the legal distinction between a corporation and its officers, share owners and employees. As stated in *Port Chester Elec. Constr. Corp. v Atlas* (40 NY2d 652, 656-657 [1976]): "Corporations, of course, are legal entities distinct from their managers and shareholders and have an independent legal existence. Ordinarily, their separate personalities cannot be disregarded. (*Rapid Tr. Subway Constr. Co. v City of New York*, 259 NY 472, 487-488.) In a broad sense, the courts do have the authority to look beyond the corporate form where necessary 'to prevent fraud or to achieve equity'. (*International Aircraft Trading Co. v Manufacturers Trust Co.*, 297 NY 285, 292.) More specifically, where a shareholder uses a corporation for the transaction of the shareholder's personal business, as distinct from the corporate business, the courts have held the shareholder liable for acts of the corporation in accordance with the general principles of agency. (*See Rapid Tr. Subway Constr. Co. v City of New York, supra; Berkey v Third Ave. Ry. Co.*, 244 NY 84, 95.) The determinative factor is whether 'the corporation is a "dummy" for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends.' (*Walkovszky v Carlton*, 18 NY2d 414, 418.)" It is accepted that "it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]). This rule is equally applicable to a corporation with a single shareholder (*see Matter of Total Care Health Indus. v Department of Social Servs.*, 144 AD2d 678, 679 [1988]). Plaintiffs herein have submitted no evidence

that the privilege of conducting business in the corporate form was abused so as to warrant piercing the corporate veil to impose personal liability on the corporate officer, Zuckerman (*see Brown v 3392 Bar Corp.*, 2 AD3d 324 [2003]; *Bonanni v Straight Arrow Publs.*, 133 AD2d 585 [1987]).

Plaintiffs merely cite dicta suggesting that an officer who has "exclusively independent control of operations" might be held liable for acts of negligence (*see Mendez v City of New York*, 259 AD2d 441, 442 [1999] ["no evidence of independently tortious conduct on the part of individual defendants"]). As the case law relied upon by plaintiffs indicates, to impose the corporate owner's duty on defendant Zuckerman, "[s]omething more than the mere status of corporate officer must exist before individual liability can attach" (*Michaels v Lispenard Holding Corp.*, 11 AD2d 12, 14 [1960]); specifically, it is necessary to establish that the agent exercised control over the premises to the exclusion of the owner (*id.*; *Gardner v 1111 Corp.*, 286 App Div 110, 112 [1955], *affd* 1 NY2d 758 [1956]; *see Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004] [managing agent liable only if it "entirely displaced owner's duty to maintain the premises safely"]).

Significantly, plaintiffs herein do not contend that the corporate officer's liability was substituted for that of his employer. To the contrary, they argue that Zuckerman is personally subject to liability in addition to the corporate owner, United. Applying the criteria espoused in *Michaels*, no individual liability can be imposed on the agent because "the corporate owner was not divorced from all control" (11 AD2d at 14). In seeking to impose equivalent liability on both the corporate owner and its officer, plaintiffs implicitly concede that Zuckerman's control over the premises is exercised coextensively with that of the corporate owner, rather than to its complete exclusion.

Finally, as concerns the particular violation at issue in this matter, no case has been brought to this Court's attention that supports the imposition of liability for a lead-paint violation on an employee of a corporate "owner," as defined in the Housing Maintenance Code, absent a finding that the violation has been declared to be a public nuisance.

Accordingly, the order should be modified to dismiss the complaint as against defendants Zuckerman and Tiretta.