Chambers v Tilden Towers Hous. Co. Section II, Inc. (2019 NY Slip Op 08001)





Chambers v Tilden Towers Hous. Co. Section II, Inc.


2019 NY Slip Op 08001


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10276 21591/15E 43100/17E

[*1] Elizabeth Chambers, Plaintiff-Appellant,
v
Tilden Towers Housing Co. Section II, Inc., et al., Defendants-Respondents, Tilden Towers II, et al., Defendants. [And A Third-Party Action]


Burns & Harris, New York (Jason Steinberg of counsel), for appellant.
Morris, Duffy, Alonso & Faley, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for Tilden Towers Housing Co. Section II, Inc., Tudor Realty Services Corp. and Tony Rookard, respondents.
Gottlieb Siegel & Schwartz, LLP, New York (Laura R. McKenzie of counsel), for Eli-Tech Industries, Inc., respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 31, 2018, which granted the motion of defendants Tilden Towers Housing Co. Section II, Inc., Tudor Realty Services Corp., and Tony Rookard (collectively owner defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Owner defendants established their prima facie entitlement to judgment in this action for personal injuries plaintiff allegedly sustained when an elevator in the building in which she lived suddenly dropped five floors. Owner defendants showed that they had no notice of a problem with elevators in the building suddenly dropping (see Meza v 509 Owners LLC, 82 AD3d 426, 427 [1st Dept 2011]).
In opposition, plaintiff failed to raise a triable issue of fact. Her reliance on the doctrine of res ipsa loquitur to impute notice to owner defendants is misplaced. Exclusive control of the instrumentality bringing about the injury, which is necessary for the doctrine to apply, is absent where, as here, an owner has ceded all responsibility for maintenance and repair to its elevator service contractor (see Hodges v Royal Realty Corp., 42 AD3d 350, 351-352 [1st Dept 2007]).
Furthermore, defendant Rookard was additionally entitled to summary judgment [*2]dismissing the complaint as against him where plaintiff does not contest that he acted solely in his capacity as defendant Tudor's representative (see Mendez v City of New York, 259 AD2d 441, 441-442 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK