Pszeniczny v Horn (2021 NY Slip Op 02553)





Pszeniczny v Horn


2021 NY Slip Op 02553


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-13188
 (Index No. 605623/18)

[*1]Robert Pszeniczny, respondent-appellant,
v
Edward Horn, appellant-respondent.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for appellant-respondent.
Law Office of Richard M. Levy, P.C. (Anita Nissan Yehuda, P.C., Greenvale, NY, of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant appeals and the plaintiff cross-appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated October 2, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fourth causes of action. The order, insofar as cross-appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was pursuant CPLR 3211(a)(7) to dismiss the fourth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs of disbursements.
The plaintiff commenced this action in April 2018 asserting causes of action to recover damages for misrepresentation, negligence, fraud, and a violation of Judiciary Law § 487, arising out of the sale of the plaintiff's business to nonparty Fidel Abreu-Benitez. The complaint alleges that the plaintiff sold his business to Abreu-Benitez in 2010 in exchange for a promissory note, and that in 2014 Abreu-Benitez defaulted on that note. Thereafter, the defendant, who was the attorney of Abreu-Benitez, negotiated with the plaintiff to modify his client's obligations under the note. This resulted in the plaintiff and Abreu-Benitez executing a stipulation, dated July 8, 2014, modifying the terms of the promissory note, which included a guaranty, purportedly signed by nonparty Michael Serao, to fulfill the payment obligations, should Abreu-Benitez once again default. The complaint alleges that the defendant represented that Serao actually signed the guaranty, and that the defendant knew the plaintiff would not have executed the stipulation without the guaranty. The complaint further alleges that thereafter, Abreu-Benitez defaulted on the stipulation, and Serao denied signing the guaranty.
The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The Supreme Court granted those branches of the defendant's motion which were to dismiss the first and second causes of action, alleging misrepresentation and negligence, respectively, but denied those branches of the motion which were to dismiss the third and fourth causes of action, alleging fraud and a violation of Judiciary Law § 487, respectively. The defendant appeals and the plaintiff cross-appeals.
"Liability to a third party may attach for negligent misrepresentation where there is '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance'" (Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695, 696, quoting Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 384).
Here, the complaint sufficiently pleaded a cause of action to recover damages for negligent misrepresentation. Contrary to the defendant's contentions, the complaint alleged a privity-like relationship, as it alleged that the defendant knew the plaintiff was relying on the guaranty to enter into the stipulation, delivered the guaranty to the plaintiff, and assured the plaintiff that Serao had signed the guaranty (see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer, & Wood, 80 NY2d at 385; Remediation Capital Funding LLC v Noto, 147 AD3d 469, 469; Lyons v Medical Malpractice Ins. Assn., 286 AD2d 711, 711). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were to dismiss the first and second causes of action.
"'The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)'" (Shahid v Ridgewood Bushwick Senior Citizens Council, Inc., 181 AD3d 744, 745, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559).
Here, contrary to the defendant's contention, the complaint adequately pleaded a cause of action to recover damages for fraud, as it alleged, in effect, that the defendant misrepresented to the plaintiff that Serao had signed the guaranty in order to persuade the plaintiff to sign the stipulation, that the defendant knew Serao had not signed the guaranty, and that the plaintiff relied on the guaranty in agreeing to execute the stipulation (see e.g. Minico Ins. Agency, LLC v B & M Cleanup Servs., 165 AD3d 776, 777; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677).
Accordingly the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the third cause of action.
However, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the fourth cause of action. "[A] Judiciary Law § 487 cause of action requires that the alleged deceit occurred during a judicial proceeding in which the plaintiff was a party" (Gorbatov v Tsirelman, 155 AD3d 836, 840). Here, the complaint failed to allege that the deceit occurred during a judicial proceeding or before any court (see US Suite LLC v Baratta, Baratta & Aidala LLP, 171 AD3d 551; Henry v Brenner, 271 AD2d 647, 647-648; see also Gorbatov v Tsirelman, 155 AD3d at 840).
The defendant's remaining contention is without merit.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court