Medina v Jet Aviation Holdings USA, Inc. (2023 NY Slip Op 05690)

Medina v Jet Aviation Holdings USA, Inc.

2023 NY Slip Op 05690

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 32075/20 Appeal No. 1015-1016 Case No. 2022-05666, 2022-05670 

[*1]Paul Medina, Plaintiff-Respondent,
v
Jet Aviation Holdings USA, Inc., et al., Defendants-Appellants, Jet Aviation Flight Services, Inc. et al., Defendants. 

Thompson Hine LLP, New York (Emily J. Mathieu of counsel), for appellants.
Law Office of Steven R. Vaccaro, P.C., Forest Hills (Steven R. Vaccaro of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about September 30, 2022, which, insofar as appealed from as limited by the briefs, denied defendants Jet Aviation Holdings USA, Inc., Jet Aviation Teterboro, L.P., and General Dynamics Corporation's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. Order, same court and Justice, entered on or about March 14, 2022, which, insofar as appealed from as limited by the briefs, denied defendants Daniel S. Loeb, Third Point LLC, and Teragram, LLC's motion pursuant to 3211(a)(7) to dismiss the complaint, unanimously modified, on the law, to the extent of granting the motion dismissing the complaint as against Daniel S. Loeb and Teragram, LLC, and otherwise affirmed, without costs.
Plaintiff commenced this personal injury action against defendant donors, Third Point, LLC (Third Point), its Chief Executive Officer, Daniel S. Loeb (Loeb), and Teragram, LLC (Teragram), who handles Loeb's personal finances. Third Point, Loeb and Teragram are New York-based entities. Plaintiff also asserted claims against Jet Aviation Flight Services, Inc. (JA Flight), Jet Aviation Teterboro, L.P. (JA Teterboro), Jet Aviation Holdings USA, Inc. (JA Holdings), and General Dynamics Corporation (General Dynamics). JA Flight provided the aircraft and the flight crew, and JA Teterboro provided hangar space. JA Holdings and General Dynamics are the parent corporations of JA Flight and JA Teterboro.
The complaint alleges plaintiff, a delivery person for a disaster relief nonprofit entity, struck his head on an airplane parked in a hangar while loading medical and humanitarian cargo on an aircraft for a flight from Teterboro, New Jersey, to San Juan, Puerto Rico. The complaint further alleges that defendants, or their agents, "controlled, maintained, managed, and/or supervised" the hangar where plaintiff's injuries occurred, and negligently operated or maintained the hangar to create a dangerous condition. Plaintiff alleges that his injuries were the result of each defendant's "negligent direction of plaintiff insofar as the manner, method and path of delivery being completed at the time of the accident."
The allegations relating to JA Teterboro are insufficient to warrant personal jurisdiction over it pursuant to CPLR 302(a)(1). Plaintiff's claim arises from his striking his head on a parked airplane in the New Jersey hangar JA Teterboro leased to Third Point. Plaintiff's claim does not arise from any breach related to the lease agreement between JA Teterboro and Third Point to bestow specific jurisdiction on JA Teterboro, a foreign defendant (see Pichardo v Zayas, 122 AD3d 699, 701-702 [2d Dept 2014], lv denied 26 NY3d 905 [2015]; see generally Rushaid v Pictet & Cie, 28 NY3d 316, 323 [2016]). Further, New York cannot exercise jurisdiction over foreign defendants JA Holdings and General Dynamics based solely on their status as parent [*2]companies because there is no personal jurisdiction over their subsidiary JA Teterboro and the motion court already dismissed the action as against their other subsidiary, JA Flight, for lack of jurisdiction (see Wolberg v IAI N. Am., Inc., 161 AD3d 468, 468 [1st Dept 2018]).
The aircraft service agreement between JA Flight and Third Point does not show, as a matter of law, whether JA Flight or Third Point controlled the pilot, who allegedly directed plaintiff's actions. Thus, plaintiff adequately pleaded that the pilot was Third Point's "special employee" to assert vicarious liability (see Lane v Fisher Park Lane Co., 276 AD2d 136, 139 [1st Dept 2000]). Contrary to defendants' claim, the special employer doctrine has been applied outside of workers' compensation cases (see Marzec v City of New York, 136 AD3d 410 [1st Dept 2016]).
However, the complaint does not sufficiently plead a cause of action against Loeb because it fails to allege that Loeb acted outside of his capacity as an officer of Third Point (see Worthy v New York City Hous. Auth., 21 AD3d 284, 287 [1st Dept 2005]). The complaint also fails to state a cause of action against Teragram. Based on an affidavit of Third Point's CFO, and as buttressed by the aircraft service agreement, of which Teragram was not a party, Teragram only handled Loeb's personal finances, and thus owed no duty to plaintiff to give rise to any liability.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023