In the Matter of the Judicial Settlement of the Account of Proceedings of the UNITED STATES TRUST COMPANY OF NEW YORK, as Executor, etc., of LEWIS CASS LEDYARD, JR., Deceased, and In the Matter of the Petition of DOROTHY LEDYARD KNIGHT for the Removal of the UNITED STATES TRUST COMPANY OF NEW YORK, as Sole Executor and Trustee of the Estate of LEWIS CASS LEDYARD, JR., Deceased, and In the Matter of the Estate of LEWIS CASS LEDYARD, JR., Deceased. DOROTHY LEDYARD KNIGHT, Appellant; JOHN J. KUHN, as Special Guardian for WILLIAM DE RHAM, JR., DOROTHY VERNON RUXTON, CASS LEDYARD RUXTON, NORA KNIGHT, DINAH KNIGHT and EVELYN LEDYARD, Respondent, Appellant; UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of and Trustee under the Last Will and Testament of LEWIS CASS LEDYARD, JR., Deceased, Respondent, Appellant; RUTH E. LEDYARD, LEWIS CASS LEDYARD, 3RD, and RUTH L. RUXTON, Respondents.— Cross-appeals from parts of a decree of the Surrogate's Court, Nassau County, in an accounting proceeding to settle the accounts of an executor. The appeals are by a special guardian; and by a legatee, based on objections to the account; and by the executor, relating to an item of interest for which it was surcharged. The appeal of the legatee Dorothy Ledyard Knight also relates to so much of the decree as denies her petition to remove the executor, and to vacate two *ex parte* orders authorizing certain payments by it in connection with maintaining the testator's homestead for the benefit of the widow during a specified period. Decree of the Surrogate's Court of Nassau County, in so far as appealed from, unanimously affirmed, with costs to the executor, respondent children and widow, and the special guardian, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WILLIAMS, Appellant.— Appeal from a judgment of the County Court of Kings County convicting the defendant of attempted rape in the first degree and assault in the second degree with intent to commit rape and sentencing him to five to ten years on the first charge and two and one-half to five years on the second charge, the sentences to run concurrently. Judgment reversed on the law and the facts and a new trial ordered. The two crimes of which the defendant has been found guilty are identical under the facts in this record. Therefore, there was no need to submit to the jury the charge of attempted rape in the first degree under the count which charged rape in the first degree. It was sufficient to have submitted the charge of assault in the second degree with intent to commit rape which was set out in the indictment. The judgment of conviction is against the weight of the credible evidence. Lazansky, P. J., Carswell and Johnston, JJ., concur; Adel and Close, JJ., dissent and vote to affirm the judgment of conviction in so far as the defendant was found guilty of assault in the second degree with intent to commit rape.