■ ANDREW MATIAS, an Infant, by His Mother and Natural Guardian, LETICIA PALMA, et al., Respondents, v MONDO PROPERTIES LLC et al., Defendants, and JACKIE LORA et al., Appellants. [841 NYS2d 279]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered October 11, 2006, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against appellants. The Clerk is directed to enter judgment accordingly.

Plaintiffs commenced this action to recover damages for injuries infant plaintiff allegedly sustained from lead paint and dust exposure in the apartment he and his mother occupied at 1045 Boynton Avenue and in his aunt's apartment at 1040 Boynton Avenue in the Bronx. Defendant, WDJ Realty V LLC, is the owner and managing agent of the premises at 1045 Boynton Avenue, and defendant, WDJ Realty VI LLC,* is the owner and managing agent of the premises at 1040 Boynton Avenue. Appellant Lora transferred her ownership interest in defendant companies to appellant Pignone in February 2000. Pignone was a shareholder, member and president of WDJ Realty V and VI from February 2000 through November 2004.

Appellants moved to dismiss the complaint as against them contending they could not be held liable for infant plaintiff's alleged injuries in their individual capacities. Supreme Court found appellants did not meet their burden of proof to establish that Lora was not an officer, shareholder, or director of the premises, or that she was not involved with the management or control of the premises. Supreme Court further found issues of fact as to whether Pignone was acting within the scope of her employment. Finally, Supreme Court found appellants to be owners pursuant to Multiple Dwelling Law § 4 (44).

We reverse.

A member of a limited liability company "cannot be held li-

---

* This entity is incorrectly identified in the caption as WDJ Realty IV Corp.

able for the company's obligations by virtue of his [or her] status as a member thereof" (*Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 210 [2005]; *see also* Limited Liability Company Law §§ 609, 610). Plaintiffs seek to hold individual defendants liable despite this statutory proscription. In order to pierce the "corporate veil," a doctrine applicable to limited liability companies (*see Retropolis* at 210, citing *Williams Oil Co. v Randy Luce E-Z Mart One*, 302 AD2d 736, 739-740 [2003]), plaintiffs bear " 'a heavy burden of showing that the [company] was dominated [by the owners] as to the transaction attacked and that such domination . . . resulted in wrongful . . . consequences' " (*id.*, quoting *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Plaintiffs have failed to raise any such triable issues of fact.

Appellants submitted competent evidence that neither of them owned or managed either 1040 or 1045 Boynton Avenue in an individual capacity. As to Lora, plaintiffs concede that she was no longer involved with the business entities that owned and controlled the two buildings as of February 2000, three months before plaintiffs became tenants at 1045 Boynton Avenue. Thus, Lora cannot be held liable for the exposure at plaintiffs' apartment. While the complaint alleges a period of exposure that includes a time period predating Lora's transfer of ownership, namely, November 1999 through July 2001, which presumably relates to alleged exposure at the aunt's apartment, plaintiffs' opposition to appellants' summary judgment motion claimed a relevant exposure period from only May 2000 to July 2001, after Lora transferred her ownership interest. Thus, Lora cannot be held liable for any alleged exposure at the aunt's apartment. In any event, the record is devoid of evidence regarding the aunt's tenancy or the number and duration of infant plaintiff's visits to the aunt's apartment.

Plaintiffs also failed to raise an issue of fact that Pignone, despite her involvement as an officer and shareholder of the entities, was their de facto owner and manager. The record establishes that Pignone did not exclusively and completely control the management and operation of the buildings, nor did she have any duties related to remediation of hazardous conditions. The mere fact that Pignone signed her individual name or listed her individual name as a contact person or authorized representative does not raise an issue of fact implicating her individual liability (*see Retropolis*, 17 AD3d at 210-211; *Worthy v New York City Hous. Auth.*, 21 AD3d 284 [2005]). Indeed, to impose individual liability "based entirely on [the principal's]

control over the management of [company] business . . . would obviate the legal distinction between a [company] and its officers, share owners and employees" (*Worthy* at 287 [Tom, J., concurring]).

Plaintiffs have not advanced a claim to declare the premises a public nuisance pursuant to Multiple Dwelling Law § 4 (44). In the absence of such a declaration, Supreme Court erred in expanding liability, pursuant to Multiple Dwelling Law § 4 (44), to appellants (*see id.* at 285-286 [Tom, J., concurring]). Concur—Marlow, J.P., Gonzalez, Catterson and Kavanagh, JJ.