■ CLARA BAILON, Appellant-Respondent, et al., Plaintiff, v GUANE COACH CORP. et al., Defendants, and OLIVERIO CALDERON et al., Respondents-Appellants. [912 NYS2d 188]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered June 26, 2009, which, in effect, denied plaintiffs' motion to settle judgment against defendants Oliverio and Sylvia Calderon in the amount of $29,575,000, unanimously affirmed, without costs.

We find no error in the default taken against the Calderons. However, the motion court properly declined to enter judgment against the Calderons for the amount of the $29 million jury verdict in favor of plaintiff Clara Bailon.

The default order against the Calderons directed that an inquest and assessment of damages against them be conducted at the time of trial against the nondefaulting defendants, but the record reflects no action taken by plaintiffs at trial regarding their claim against the Calderons. To the extent that plaintiffs' theory against the Calderons was based on alter ego liability, arising out of the Calderons' disregard of the corporate form of Guane Coach Corp., there would have been no need for a separate damages determination against them, since the Calderons would be responsible for the corporation's liabilities (*see Sterling Doubleday Enters. v Marro*, 238 AD2d 502, 503 [1997]). However, under the alter ego theory, the Calderons must be treated as having stepped into the shoes of the corporation, and their liability would be that of Guane (*see Trans Intl. Corp. v Clear View Tech.*, 278 AD2d 1, 1-2 [2000]). By executing a release in favor of Guane upon payment by its insurer of $100,000, plaintiffs necessarily released the Calderons as well (*see DePinto v Ashley Scott, Inc.*, 222 AD2d 288, 289-290 [1995]). Nor may plaintiffs rely on some other theory against the Calderons, since they failed to establish at inquest the extent of their liability under any other theory. Accordingly, plaintiffs were not entitled to the judgment they sought against the Calderons.

We have considered the parties' remaining arguments and

find them unavailing. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.