■ BOARD OF MANAGERS OF THE GANSEVOORT CONDOMINIUM, Respondent, v 325 WEST 13TH, LLC, Defendants, and PETRO REAL ESTATE DEVELOPMENT CORPORATION, Appellant. [993 NYS2d 901]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 29, 2013, which denied Petro Real Estate Development Corporation's motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (1), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against this defendant.

Defendant Petro made a prima facie showing that it was not liable for plaintiff's contract claims because it is a separate entity from the sponsor and was not a signatory to the condominium offering plan, declaration or unit purchase agreements. In opposition, plaintiff failed to sufficiently allege that defendant was an alter ego of the sponsor. The allegations, based on information and belief, that the sponsor, a single purpose entity, was undercapitalized, dominated by defendant and intermingled its assets with defendant's, are conclusory and devoid of facts (*see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC*, 109 AD3d 733, 735 [1st Dept 2013]; *First Sterling Corp. v Union Sq. Retail Trust*, 102 AD3d 490 [1st Dept 2013]; *501 Fifth Ave. Co. LLC v Alvona LLC.*, 110 AD3d 494 [1st Dept 2013]; *see also Saivest Empreendimentos Imobiliarios E. Participacoes, Ltda v Elman Invs., Inc.*, 117 AD3d 447, 450 [1st Dept 2014]). Under the cir-

cumstances, defendant and the sponsor's use of common office space, the same telephone number and the same email account, and defendant's showcasing of the condominium units on its website is relatively insignificant (*see Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 174 [1st Dept 2013]). Plaintiff's failure to allege that defendant operated through the sponsor as an instrument of wrongdoing is fatal to its alter ego claim (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]); the allegation that the sponsor transferred all of the unit sale proceeds to defendant is insufficient for this purpose.

We have considered plaintiff's other arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.