■ The Apparel Corporation (Far East), Respondent, v Sheermax LLC et al., Appellants. [5 NYS3d 50]—

Order and judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered August 21, 2013, awarding plaintiff the principal sum of $211,466.16, plus interest, costs and disbursements against the entity defendants, unanimously affirmed, with costs. Appeals from the unfiled order and judgment, same court and Justice, dated June 13, 2013, and the order and judgment, same court and Justice, entered August 13, 2013, unanimously dismissed, without costs, as superseded by the appeal from the August 21, 2013 order and judgment. Appeals from the order, same court and Justice, entered December 10, 2012, which denied defendants' motion to dismiss and granted plaintiff's cross motion for partial summary judgment on its first, second, third and ninth causes of action against the entity defendants, and the order, same court and Justice, entered August 7, 2013, which denied the entity defendants' motion for renewal, unanimously dismissed, without costs, as subsumed in the appeal from the August 21, 2013 order and judgment. Additional judgment, same court and Justice, entered December 2, 2013, awarding plaintiff judgment against the individual defendants on the foregoing causes of action and an additional principal sum of $23,820 against all defendants, unanimously affirmed, without costs. Appeal from the order, same court and Justice, entered November 22, 2013, which denied the individual defendants' motion for summary judgment dismissing the complaint as against them, and, upon a search of the record, granted plaintiff summary judgment against them and on a portion of the fourth, fifth and sixth causes of action, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid additional judgment. Supplemental judgment, same court and Justice, entered on or about March 14, 2014, awarding plaintiff $74,288 in at-

torneys' fees against all defendants, unanimously affirmed. Appeal from the order, same court and Justice, entered May 13, 2014, which granted plaintiff's motion for attorneys' fees pursuant to Debtor and Creditor Law § 276-a, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid supplemental judgment.

Defendants were correctly held liable for their failure to pay plaintiff's invoices, based on their acknowledgment of the debt, which contained nothing inconsistent with their intention to pay (*see Mosab Constr. Corp. v Prospect Park Yeshiva, Inc.*, 124 AD3d 732 [2d Dept 2015]). Liability was correctly imposed on the individual defendants, who operated through an entity with an unregistered assumed name (*see McDonald v McBain*, 99 AD3d 436, 437 [1st Dept 2012], *lv denied* 21 NY3d 854 [2013]). The motion court correctly rejected defendants' unsupported claim of an accommodation between the parties and an industry custom at variance with the rule of Uniform Commercial Code § 2-606 (1) requiring a buyer's timely rejection of goods, which were both irrelevant in light of the acknowledgment of the debt. Similarly, renewal was properly denied because defendants' evidence, even if newly discovered, would not have altered the outcome. There is sufficient evidence of fraudulent intent to establish the fraudulent conveyance cause of action (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1st Dept 1999]). The amount of the attorneys' fee award appropriately encompasses services rendered with respect to causes of action inextricably intertwined with the fraudulent conveyance cause of action (*see Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [1st Dept 2004]).

We have considered defendants' other contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.