■ 2406-12 AMSTERDAM ASSOCIATES LLC, Respondent, v ALIANZA LLC et al., Appellants. [25 NYS3d 167]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 21, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the claims for alter ego liability and fraudulent conveyance under the Debtor and Creditor Law §§ 273 through 276, unanimously affirmed, without costs.

Plaintiff was not required to plead the elements of alter ego liability with the particularity required by CPLR 3016 (b), but only to plead in a non-conclusory manner (*see International Credit Brokerage Co. v Agapov*, 249 AD2d 77, 78 [1st Dept 1998]). The complaint, together with plaintiff's affidavits in op-

position to defendants' motion, sufficiently alleges that defendant Alianza Dominicana transferred all of its assets to a newly formed entity, defendant Alianza LLC, which was 90% owned by Alianza Dominicana and had no employees and no function but to hold those assets away from creditors and, in particular, plaintiff. These and other allegations establish the alter ego theory (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]) sufficiently to sustain contract claims against Alianza LLC, although, as the motion court noted, alter ego is a theory of recovery, not an independent cause of action.

Plaintiff pleaded fraudulent conveyance under Debtor and Creditor Law § 276 with the requisite particularity. The allegations that Alianza Dominicana put plaintiff off with promises to pay, while in the process of transferring its assets to Alianza LLC, that Alianza LLC was owned by Alianza Dominicana, and that Alianza LLC had no employees and no business other than as a holding company for Alianza Dominicana's assets establish sufficient "badges of fraud" to sustain the claim (*see Pen Pak Corp. v LaSalle Natl. Bank of Chicago*, 240 AD2d 384, 386 [2d Dept 1997]). Construed liberally, plaintiff's allegations allege a lack of adequate consideration sufficient to sustain its claims under Debtor and Creditor Law §§ 273 through 275. Nor are these claims precluded by the Attorney General's or court approval of the transfer of assets from Alianza Dominicana to Alianza LLC pursuant to N-PCL 510 through 511. Concur—Tom, J.P., Moskowitz, Gische and Kapnick, JJ. ▪