■  J. Christopher Flowers, Appellant, v 73rd Townhouse LLC et al., Respondents. [52 NYS3d 81]—

Order, Supreme Court, New York County (Nancy Bannon, J.), entered October 15, 2014, which denied plaintiff's motion

for leave to amend the second amended complaint, unanimously modified, on the law and the facts and in the exercise of discretion, to grant the motion except as to beneficiary liability (part of proposed new count XVI), and, as so modified, affirmed, without costs.

Defendants failed to show that they would be prejudiced by the amendment (*see* CPLR 3025 [b]; *Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). Mere delay is not a sufficient basis on which to deny amendment (*Cherebin*, 43 AD3d at 365). Defendants' argument that plaintiff's new theory is surprising and will require further discovery is unavailing. The amendment is based on evidence learned during discovery (*see Cherebin*, 43 AD3d at 365). In any event, the need for additional discovery does not justify denying amendment (*Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 654 [1st Dept 2009]), especially in light of defendants' belated discovery responses (*see Briarpatch Ltd., L.P. v Briarpatch Film Corp.*, 60 AD3d 585 [1st Dept 2009]).

The proposed third amended complaint states a claim against defendant executors of defendant estate of Milton S. Rinzler, but not against its beneficiaries (*see* EPTL 1-2.13, 11-4.7 [b]; *Matter of Rothko*, 43 NY2d 305, 318 n 2 [1977]; *In re Ledyard's Estate*, 21 NYS2d 860, 885, 889 [Sur Ct, Nassau County 1939], *affd* 259 App Div 892 [2d Dept 1940]).

It also states a claim to hold Milton Rinzler liable for the actions of defendant Dominion Management Company LLC because Dominion was an unregistered doing business as under which Rinzler conducted business (*see Apparel Corp. [Far E.] v Sheermax LLC*, 126 AD3d 413 [1st Dept 2015], *lv denied* 26 NY3d 905 [2015]). The doctrine of piercing the corporate veil applies to limited liability companies (*Matias v Mondo Props. LLC*, 43 AD3d 367, 368 [1st Dept 2007]), and the proposed third amended complaint states a claim for piercing the corporate veil (*see Cortlandt St. Recovery Corp. v Hellas Telecom., S.A.R.L.*, 142 AD3d 833, 834 [1st Dept 2016]; *2406-12 Amsterdam Assoc. LLC v Alianza LLC*, 136 AD3d 512 [1st Dept 2016]; *Shisgal v Brown*, 21 AD3d 845, 848-849 [1st Dept 2005]; *Chase Manhattan Bank [N.A.] v 264 Water St. Assoc.*, 174 AD2d 504 [1st Dept 1991]).

Except for beneficiary liability, defendants failed to overcome the presumption of validity in plaintiff's favor (*see Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371 [1st Dept 1989]). Concur— Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.