■ BOARD OF MANAGERS OF 325 FIFTH AVENUE CONDOMINIUM et al., Respondents-Appellants, v CONTINENTAL RESIDENTIAL HOLDINGS LLC et al., Appellants-Respondents, and DOUGLASTON DEVELOPMENT LLC et al., Respondents, et al., Defendants. [52 NYS3d 44]—

Amended order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about July 28, 2016, which, to the extent appealed and cross-appealed from as limited by the briefs, denied the motion of defendant Continental Residential Holdings, LLC (Sponsor) to dismiss the first, second, sixth, and fifteenth causes of action, denied the motion of defendants WSP Cantor Seinuk Group, Cantor Seinuk Group, P.C., and Silvian Marcus, P.E. (the Cantor Seinuk Defendants) to dismiss

the seventh cause of action, granted the motion of defendants Continental Properties, LLC, Douglaston Development LLC, 325 Fifth Avenue LLC, 325 Fifth Avenue Investors LLC, Clinton Management LLC, JELB 5th Avenue LLC, Mark Fisch, Steven Fisch, Steven R. Charno, Jeffrey E. Levine, and J.E. Levine Building Inc. d/b/a Levine Builders (the Sponsor-Related Defendants) to dismiss the first, second, and sixth causes of action, and granted defendants' motions to dismiss the fourth and fifth causes of action, unanimously modified, on the law, to grant (1) the Sponsor Defendants'[1] and WSP Cantor Seinuk's motions to dismiss all balcony-related claims against them based on the release, (2) Sponsor's motion to dismiss the sixth and fifteenth causes of action (fraudulent inducement of the release and declaratory judgment, respectively), and (3) the Cantor Seinuk Defendants' motion to dismiss the seventh cause of action (aiding and abetting fraudulent inducement of the release), and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as to the Cantor Seinuk Defendants.[2]

The Sponsor Defendants contend that all claims against them should be dismissed because the notice attached to the summons failed to comply with CPLR 305 (b). This argument is unavailing (*see Pilla v La Flor De Mayo Express*, 191 AD2d 224 [1st Dept 1993]).

In May 2011, plaintiff board executed a release that released Sponsor, Douglaston Development, 325 Fifth Avenue LLC, 325 Fifth Avenue Commercial, 325 Fifth Avenue Investors, Clinton Management, JELB, the Fisches, Mr. Levine, Levine Builders, WSP Cantor Seinuk, and their "heirs, executors, administrators, successors and assigns" from all claims it ever had or thereafter might have against the releasees for anything "relating to or arising solely from the construction, design, manufacture, maintenance, use or abuse, [or] installation of the balconies, balcony glass, railing and support frames/attachments, and the connection of the foregoing assemblies to the building structure."

Since plaintiffs are trying to hold the Sponsor-Related Defendants liable as alter egos of the Sponsor, the release applies to them even though it does not mention all of them (*see Bailon v Guane Coach Corp.*, 78 AD3d 608 [1st Dept 2010]). However, plaintiffs do not assert an alter ego theory against the Cantor

1. The Sponsor-Related Defendants and Sponsor are the Sponsor Defendants.

2. Plaintiff did not contest on appeal the dismissal of the breach of fiduciary duty claim.

Seinuk Defendants, and Cantor Seinuk Group and Marcus are not WSP Cantor Seinuk's heirs, executors, administrators, successors, or assigns.

The release bars plaintiffs' balcony-related claims against the Sponsor Defendants and WSP Cantor Seinuk, even though plaintiffs allege that it was fraudulently induced, as they do not allege "a separate fraud from the subject of the release" (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *see also Pappas v Tzolis*, 20 NY3d 228, 233 [2012]).

The motion court properly dismissed the sixth cause of action (fraudulent inducement of the release) as against the Sponsor-Related Defendants, but it should also have dismissed it as against Sponsor for lack of reasonable reliance (*see e.g. Arfa v Zamir*, 76 AD3d 56, 59 [1st Dept 2010], *affd* 17 NY3d 737 [2011]). Unlike the plaintiff in *TIAA Global Invs., LLC v One Astoria Sq. LLC* (127 AD3d 75 [1st Dept 2015]), plaintiffs were in possession of the building. Furthermore, an adversarial relationship "negates as a matter of law any inference that" sophisticated business people are relying on their adversary's representation (*Arfa*, 76 AD3d at 60 [brackets and internal quotation marks omitted]). As far back as October 2009, plaintiff board, through counsel, placed defendants on notice that it might sue them.

Contrary to plaintiffs' claim, the June 2010 letter from Marcus/WSP Cantor Seinuk to nonparty John Foley, which the complaint alleges was going to be delivered to nonparty New York City Department of Buildings, does not satisfy the requirement of reliance. It is not like the representations and warranties in a loan agreement in *DDJ Mgt., LLC v Rhone Group L.L.C.* (15 NY3d 147 [2010]). The May 2011 release is not conditioned on the truth of the statements in the June 2010 letter.

In light of the above, it is unnecessary to reach the Cantor Seinuk Defendants' argument that the letter constituted nonactionable opinion. Their argument that plaintiffs ratified the release is improperly raised for the first time in a footnote in their reply brief.

Since we are dismissing the sixth cause of action (fraudulent inducement of the release) against all Sponsor Defendants, the seventh cause of action (against the Cantor Seinuk Defendants for aiding and abetting the Sponsor Defendants' fraudulent inducement of the release) must also be dismissed (*see e.g. Oster v Kirschner*, 77 AD3d 51, 55 [1st Dept 2010] [element of aiding and abetting fraud is "the existence of the underlying fraud"]).

Plaintiffs contend that the first and second causes of action (breach of contract) should be reinstated against the Sponsor-Related Defendants. This argument is unavailing. "A member of a limited liability company cannot be held liable for the company's obligations by virtue of his or her status as a member thereof" (*Matias v Mondo Props. LLC*, 43 AD3d 367, 367-368 [1st Dept 2007] [brackets and internal quotation marks omitted]). The unit owners whom plaintiffs represent bought their units by signing contracts with Sponsor, an LLC.

To be sure, veil-piercing applies to LLCs (*see e.g. id.* at 368). However, "[t]he party seeking to pierce the corporate veil must establish that the *owners,* through their domination, abused . . . the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 229 [2011] [internal quotation marks omitted and emphasis added]). The complaint does not allege that Continental Properties, Douglaston Development, 325 Fifth Avenue Commercial, Levine Builders, Clinton Management, and Charno have any ownership interest in Sponsor or any of its parents, grandparents, etc.

Even as to 325 Fifth Avenue, LLC (Sponsor's sole member), 325 Fifth Avenue Investors and JELB (the members of 325 Fifth Avenue, LLC), the Fisches (the principals of 325 Fifth Avenue Investors), and Mr. Levine (the principal of JELB), the court properly deemed plaintiffs' veil-piercing allegations insufficient as too conclusory (*see e.g. Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC*, 121 AD3d 554, 554-555 [1st Dept 2014]; *20 Pine St. Homeowners Assn. v 20 Pine St. LLC*, 109 AD3d 733, 735 [1st Dept 2013]).

Plaintiffs complain that the Sponsor Defendants created various LLCs for the sole purpose of insulating themselves from liability. However, "[t]he law permits the incorporation of a business for the very purpose of escaping personal liability" (*Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]; *see also East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2d Dept 2009], *affd* 16 NY3d 775 [2011]).

Plaintiffs' contention that it was improper to dismiss their alter ego claims without giving them an opportunity to conduct discovery is unavailing (*see East Hampton*, 66 AD3d at 128-129).

Since plaintiffs' balcony-related claims are barred by the release, what is left in the contract and fraud claims is the allegation that the building suffers from lack of fire-stopping and a host of other defects. However, the complaint fails to identify any misrepresentations about these non-balcony defects. Thus,

the fraud claims were properly dismissed (*see 20 Pine St.*, 109 AD3d at 735). In addition, the fact that plaintiffs seek "the same compensatory damages for both claims" indicates that they are duplicative (*Triad Intl. Corp. v Cameron Indus., Inc.*, 122 AD3d 531, 531 [1st Dept 2014]). Finally, the fifth cause of action (constructive fraud) requires a "fiduciary or special relationship between plaintiffs and defendants" (*Gregor v Rossi*, 120 AD3d 447, 448 [1st Dept 2014]). The motion court dismissed plaintiffs' breach of fiduciary duty claim; on their cross appeal, they do not argue for reinstatement of that claim.

The fifteenth cause of action seeks a declaratory judgment regarding the commercial units of the condominium. Since the complaint itself alleges that Sponsor conveyed the commercial units to 325 Fifth Avenue Commercial on August 5, 2007, the fifteenth cause of action should have been dismissed as against Sponsor. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.