Getty Props. Corp. v Lukoil Ams. Corp. (2019 NY Slip Op 02040)





Getty Props. Corp. v Lukoil Ams. Corp.


2019 NY Slip Op 02040


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8744 151772/16

[*1]Getty Properties Corp., Plaintiff-Appellant-Respondent, Power Test Realty Company Limited Partnership, et al., Plaintiffs,
v
Lukoil Americas Corporation, et al., Defendants-Respondents-Appellants.


Johnson Gallagher LLC, New York (Steven Johnson of counsel), for appellant-respondent.
Akin Gump Strauss Hauer & Feld LLP, New York (Joseph L. Sorkin of counsel), for respondents-appellants.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 16, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the breach of contract cause of action as against defendant Lukoil Americas Corporation and denied the motion as to the causes of action alleging violations of New York, New Jersey and Connecticut environmental laws, unanimously modified, on the law, to deny the motion as to the breach of contract cause of action as against Lukoil, and otherwise affirmed, without costs.
Plaintiff Getty Properties Corp. (plaintiff) seeks to recover damages from defendant Lukoil as an alter ego of its defunct subsidiary, nonparty Getty Petroleum Marketing, Inc. (GPMI). Plaintiff alleges that GPMI breached its obligations under a master lease and violated state laws concerning environmental contamination and that, as a result, plaintiff incurred substantial expense to remediate environmental contamination on its properties.
Contrary to defendants' contention, plaintiff's settlement of its direct claims against GPMI in the context of the latter's bankruptcy does not require that its alter ego claims be dismissed. The settlement agreement expressly preserves plaintiff's ability to pursue claims against Lukoil as an "alter ego" of GPMI. Plaintiff had the right to name GPMI as a nominal party in any such suit, and agreed not to seek any further recovery from GPMI (cf. Bailon v Guane Coach Corp., 78 AD3d 608 [1st Dept 2010]; see also Morales v Solomon Mgt. Co., LLC, 38 AD3d 381, 382 [1st Dept 2007] ["a release may not be read to cover matters which the parties did not desire or intend to dispose of"] [internal quotation marks omitted]). The parties did not fully release and extinguish the underlying claims but clearly expressed their intent that plaintiff could pursue additional recovery from GMPI's parent, Lukoil, on an alter ego theory (see Plath v Justus, 28 NY2d 16, 19 [1971]; CDR Creances S.A.S. v Cohen, 104 AD3d 17, 29 [1st Dept 2012], mod on other grounds 23 NY3d 307 [2014]; cf. In re Tronox Inc. v Anadarko Petroleum Corp., 549 BR 21, 28-30 [SD NY 2016], appeal dismissed 855 F3d 84 [2d Cir 2017] [intent alone cannot revive claims released in settlement agreement with no carve-out]).
The motion court erred in dismissing the breach of contract cause of action against Lukoil on the ground that it was not a party to the lease and had not assumed GPMI's contractual obligations. Plaintiff did not proceed against Lukoil under those theories, but seeks to hold Lukoil liable for its subsidiary's contractual obligations under an alter ego or veil-piercing theory, which is a permissible theory even though Lukoil is not a party to the agreement (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405 [1st Dept 2014]; see also 2406-12 Amsterdam Assoc. LLC v Alianza LLC, 136 AD3d 512 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK