Board of Mgrs. of the Modern 23 Condominium v 350-52 W. 23, LLC (2019 NY Slip Op 02481)





Board of Mgrs. of the Modern 23 Condominium v 350-52 W. 23, LLC


2019 NY Slip Op 02481


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


651463/15 8878A 8878

[*1] Board of Managers of the Modern 23 Condominium, Plaintiff-Appellant-Respondent,
v
350-52 West 23, LLC, et al., Defendants-Respondents-Appellants.


Cozen O'Connor, New York (Amanda L. Nelson of counsel), for appellant-respondent.
Rivkin Radler LLP, New York (Cheryl Korman of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 7, 2018, which granted defendants' motion to strike plaintiff's jury demand, unanimously affirmed. Order, court and Justice, entered May 10, 2018, which, inter alia, granted the individual defendants' motion for summary judgment to the extent of dismissing the complaint as against defendant Israel, and denied it with respect to defendant Hollander, unanimously modified, on the law, to dismiss with respect to Hollander, and otherwise affirmed, without costs.
The court correctly granted defendant's motion to enforce the jury waiver included in the purchase agreement because the complaint alleged claims arising from that agreement, and the request for a jury waiver was not untimely. Since plaintiff contends that it derived certain rights from the purchase agreement, it should be bound by all of its terms, including the jury waiver.
Defendants' motion for summary judgment was correctly granted in favor of defendant Israel because defendants demonstrated prima facie, and plaintiffs failed to rebut, that Israel's conduct did not go beyond the limited powers of a member and manager of the corporate sponsor, and the corporate formalities were observed between the sponsor and Israel's law firm (see Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554-555 [1st Dept 2014]). There was no evidence of the intermingling of funds between the sponsor and either Israel or his law firm; the law firm did not share office space or a telephone number with the sponsor; there was no evidence that Israel engaged in personal transactions with the sponsor that were not at arm's length or that his law firm was not an independent profit center.
Defendants' motion for summary judgment with respect to defendant Hollander should also have been granted. The law permits the incorporation of a business for purpose of escaping personal liability and those seeking to pierce the corporate veil bear a "heavy burden" of showing that the corporation (here, sponsor), was dominated as to the transaction and such domination resulted in the harm alleged (see Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005]). The conduct cited by plaintiff with respect to Hollander was in conformance with the operative, disclosed documents, including the offering plan and operating agreements. Personal loans made to the sponsor, which charged interest, were not prohibited, and there is no proof that the transactions were a sham. The operating agreement expressly provided that the managers of the sponsor, although not compensated, could enter into agreements and receive fair and reasonable compensation for providing, either directly or through their affiliates, professional services to the sponsor. Thus the management agreement with Marin was permissible under the sponsor's operating agreement.
Any argument that Hollander denuded the sponsor is belied by express terms in the offering plan that the sponsor would not be providing a reserve fund because, upon the completion of the building construction, capital replacements or repairs should not be required [*2]for an extended period of time. Thus, the "undercapitalization" plaintiff alleges was specifically disclosed to the unit purchasers.
The facts that the sponsor, Hollander and Marin did not maintain separate office space, and that they shared telephone numbers, some staff and email do not in itself support a claim for alter ego liability (see Gansevoort Condominium, 121 AD3d at 555). Having failed to raise triable issues of fact regarding Hollander's potential liability pursuant to veil piercing or alter ego theories, those claims against him should have been dismissed (see id.). Collectively, these facts were insufficient to raise a triable issue as to whether the sponsor was Hollander's alter ego.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK