Shareholder Representative Servs. LLC v NASDAQ OMX Group, Inc. (2019 NY Slip Op 07752)





Shareholder Representative Servs. LLC v NASDAQ OMX Group, Inc.


2019 NY Slip Op 07752


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10241N 651145/14

[*1] Shareholder Representative Services LLC, etc., Plaintiff-Respondent,
v
The NASDAQ OMX Group, Inc., et al., Defendants-Appellants.


Susman Godfrey L.L.P., New York (Lucas Issacharoff of counsel), for appellants.
Oved & Oved LLP, New York (Edward C. Wipper of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered November 30, 2018, which denied defendants' motion to amend their answer to add counterclaims for breach of contract and fraud, unanimously modified, on the law, to grant the motion as to the fraud counterclaim, and otherwise affirmed, without costs.
The motion court employed the correct standard in denying defendants' motion to amend the answer to add counterclaims, i.e., whether the proposed counterclaims could withstand a motion to dismiss, and did not rely on factual determinations to determine that the counterclaims were insufficient (see Williams v 268 W. 47th Rest. Inc., 160 AD3d 436, 437 [1st Dept 2018]). The court correctly found that the claim notice that defendants sent to plaintiff did not assert or preserve claims for indemnification under the indemnification for breach of warranties provision of the merger agreement. The claim notice asserted a claim for indemnification only under the "Tax Controversy" provision. Further, it failed to identify the specific representations breached, as required by the agreement.
However, defendants should be permitted to add the proposed fraud counterclaim, because the language of the agreement is ambiguous, and defendants' interpretation of it is reasonable (see Enzon Pharms., Inc. v Nektar Therapeutics, 143 AD3d 617 [1st Dept 2016]). Section 9.03 provides that all liability under the representations and warranties expires 18 months after closing. However, the last sentence of that section states that no new claims for "indemnification" can be brought after that time. In contrast, sections 9.05 and 9.10 expressly exempt fraud claims from the indemnification provisions. Thus, it is reasonable to read the agreement to exempt fraud claims from the expiration provisions in the indemnification section.
Plaintiff's argument, raised in opposition to the motion but not addressed by the court, is that it will be prejudiced if the amendment is granted. However, plaintiff failed to identify any prejudice beyond the purported need for additional discovery, which is insufficient (see Flowers v 73rd Townhouse LLC, 149 AD3d 420, 421 [1st Dept 2017]). Moreover, in the absence of prejudice, any purported delay in bringing the motion is irrelevant (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]).
We have considered plaintiff's remaining argument that was raised before the motion court but not addressed and find it unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK