149-51 Sullivan St. Co. v Lopez (2021 NY Slip Op 00381)





149-51 Sullivan St. Co. v Lopez


2021 NY Slip Op 00381


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 652656/18 Appeal No. 12950 Case No. 2020-02911 

[*1]149-51 Sullivan St. Co., Plaintiff-Respondent,
v
Ivan Lopez, Defendant-Appellant. Smith, Gambrell & Russell, L.L.P., Nominal Defendant.


Gozde Hobstetter, Long Island City, for appellant.
Schnader Harrison Segal & Lewis LLP, New York (Mathew B. West of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 26, 2019, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, unanimously affirmed, without costs.
Defendant argues that his claims and counterclaims against plaintiff seller are predicated on the behavior of Luba Cohen, a real estate broker on the transaction and the listing agent Lizmar Asset management (collectively Cohen). Defendant's theory of liability is that Cohen is the alter ego of the plaintiff seller, a partnership. There is no factual dispute that a corporation, 127 Holdings, Inc. is the majority partner in the seller or that Luba Cohen is a shareholder and officer of 127 Holdings, Inc. There is no allegation that the seller itself engaged in any misconduct. We reject, as legally incorrect, defendant's argument that he may sue plaintiff based upon Cohen's conduct, because a partnership itself cannot sue or be sued. CPLR 1025 expressly states to the contrary. More pointedly, defendant's claims fail because there are no facts supporting a conclusion that plaintiff was the alter ego of a broker simply by virtue of Cohen's status as a shareholder in a corporation that was plaintiff's majority partner. All defendant showed was that the broker was a shareholder and officer of the corporation, that the corporation and plaintiff shared offices and addresses and that the corporation was a partner in the seller. These allegations are insufficient for the reverse veil piercing defendant seeks in this case (see Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554—555 [1st Dept 2014]). In view of our conclusion that there is no alter ego liability, we do not reach defendant's claims that Cohen engaged in wrongdoing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021