Conway v Kaplan (2021 NY Slip Op 02448)





Conway v Kaplan


2021 NY Slip Op 02448


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 160607/16 Appeal No. 13642-13642A Case No. 2020-02964, 2020-03154 

[*1]Lisa Conway et al., Plaintiffs-Appellants,
v
Howard Kaplan, Defendant-Respondent. U.S. Underwriters Insurance Company, Putative Intervenor-Respondent.


Ran Mukherjee, P.C., Brooklyn (Ran Mukherjee of counsel), for appellants.
Pillinger Miller Tarallo, LLP, Elmsford (Daniel Owen Dietchweiler of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered December 23, 2019, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered April 14, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to amend the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion for leave to amend the complaint granted.
The complained-about website created by defendant presents to others as a personal statement by defendant, in which he goes on for five pages describing a real estate deal in which he was involved with plaintiff Conway. When viewed in full context, the website is an extensive recitation of personal grievances based upon defendant's experience of working with Conway. Defendant was clearly dissatisfied with Conway's performance, and the website lays out every fact of the transaction that led him to form what is entirely a subjective opinion (see Themed Rests., Inc. v Zagat Survey, LLC, 21 AD3d 826 [1st Dept 2005]; Frommer v Abels, 193 AD2d 513 [1st Dept 1993]). To the extent defendant stated that Conway was unprofessional, unresponsive, lacked negotiating skills, and was the worst real estate broker, such hyperbolic statements are not actionable (see Dillon v City of New York, 261 AD2d 34 [1st Dept 1999]). Accordingly, the libel cause of action was properly dismissed.
However, the court improvidently exercised its discretion in denying that branch of plaintiffs' motion which sought leave to amend the complaint. Plaintiffs sought leave to amend the complaint to allege a cause of action for breach of contract based upon defendant's alleged breach of the nondisparagement clause in the parties' stipulation of settlement in a prior action. Mere delay is not a sufficient basis on which to deny amendment (Flowers v 73rd Townhouse LLC, 149 AD3d 420, 421 [1st Dept 2017]). Permitting plaintiffs to replead will not prejudice defendant, who is on notice of the supporting factual allegations by virtue of their inclusion in plaintiffs' prior pleadings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021