Dragons 516 Ltd. v Knights Genesis Inv. Ltd. (2024 NY Slip Op 02143)

Dragons 516 Ltd. v Knights Genesis Inv. Ltd.

2024 NY Slip Op 02143

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 651690/19, 653187/21 Appeal No. 2126 Case No. 2023-06248 

[*1]Dragons 516 Limited, Plaintiff-Respondent,
v
Knights Genesis Investment Limited et al., Defendants, Shanghai Municipal Investment (Group) Corporation (Also Known as Shanghai Chengtou Group Corporation) et al., Defendants-Appellants.

Pollock Cohn LLP, New York (Adam L. Pollock of counsel), for appellants.
Morvillo Abramowitz Grand Iason & Anello P.C., New York (Karen R. King of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about October 6, 2023, which denied the motion of defendants Shanghai Municipal Investment (Group) Corporation, a/k/a Shanghai Chengtou Group Corporation (SMI) and SMI Assets Management (Group) Co., Ltd. (SMI Assets; together with SMI, the Parent Companies) to dismiss the claims against them pursuant to CPLR 3211(a)(7) and (8), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against these defendants.
The complaint does not sufficiently allege that the Parent Companies are the alter egos of defendant SMI USA Group LLC (SMI-USA), such that New York has jurisdiction over them. "Generally, . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) . . . such domination was used to commit a fraud or wrong against the plaintiff" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]).
Plaintiff fails to allege that the Parent Companies exercised complete domination over SMI-USA in respect to the transaction at issue herein. Indeed, as pled, plaintiff dealt entirely with SMI-USA, not the Parent Companies (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405 [1st Dept 2014]). Even if plaintiff pled domination, such, without more, is insufficient (Morris, 82 NY2d at 141).
Moreover, "[t]he party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (id. at 142). Plaintiff has pled no such abuse by the Parent Companies. It alleges that SMI-USA led it to believe that its loan would be protected by the financial backing of the Parent Companies, but it does not allege that those defendants did anything untoward (see Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554-555 [1st Dept 2014]).
Plaintiff's contention that the Parent Companies are subject to New York jurisdiction because SMI-USA was their agent is unavailing. For SMI-USA's contacts to be attributed to the Parent Companies, plaintiff must "convince the court that [SMI-USA] engaged in purposeful activities in this State in relation to [the Centrale] transaction for the benefit of and with the knowledge and consent of [the Parent Companies] and that they exercised some control over" SMI-USA (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]). While the complaint alleges, albeit in conclusory fashion, that the Parent Companies exercised control over SMI-USA during the relevant time period, it does not allege that SMI-USA engaged in activity "for the benefit of and with the knowledge and consent of" the Parent Companies (id.).
Assuming, without deciding, that [*2]plaintiff "made a sufficient start" (Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]) to justify jurisdictional discovery, such discovery would be academic under the circumstances of this case. Even if New York had jurisdiction over the Parent Companies, the substantive basis for plaintiff's fraud and conversion claims against them depends on piercing SMI-USA's corporate veil. However, as noted earlier, the complaint does not allege that the Parent Companies "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [plaintiff] such that a court in equity will intervene" (Morris, 82 NY2d at 142).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024