Zhong Lun Law Firm LLC v Zhong Lun Law Firm (2024 NY Slip Op 05300)

Zhong Lun Law Firm LLC v Zhong Lun Law Firm

2024 NY Slip Op 05300

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 657018/22 Appeal No. 2899 Case No. 2023-05274 

[*1]Zhong Lun Law Firm LLC, Plaintiff-Appellant,
v
Zhong Lun Law Firm, et al., Defendants, Zhong Lun New York LLP, Defendant-Respondent.

Zhong Lun Law Firm LLC, New York (Xuan Philip Zhang of counsel), for appellant.
Zhong Lun New York LLP, New York (Kerry J. Kaltenbach of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 19, 2023, which granted the motion of defendant Zhong Lun New York LLP (ZL New York) to dismiss the amended complaint as against it, unanimously affirmed, with costs.
The motion court properly dismissed the claims in the amended complaint against defendant ZL New York arising out of an alleged oral agreement between plaintiff and defendant Zhong Lun Law Firm (the firm) on a theory of reverse piercing the corporate veil to hold ZL New York liable for the firm's alleged breach (see e.g. Sweeney, Cohn, Stahl & Vaccaro v Kane, 6 AD3d 72, 75 [2d Dept 2004], lv dismissed 3 NY3d 751 [2004]). Plaintiff acknowledges that the amended complaint relies solely on an alter ego theory for imputing the firm's liability to ZL New York, which the motion court correctly found does not apply to the facts alleged here.
Although plaintiff pleaded certain hallmarks of an intermingled identity between the firm and ZL New York, such as a shared trade name and shared office systems, the amended complaint lacks allegations as to how this purported abuse of the corporate form was used to perpetrate a wrong against plaintiff, which is fatal to its claim (see e.g. Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 555 [1st Dept 2014]). With respect to the claim for breach of the implied covenant of good faith and fair dealing, because there is no contract between plaintiff and ZL New York, the claim "fails in the absence of an enforceable contract in which the covenant would be implied" (Core Dev. Group LLC v Spaho, 199 AD3d 447, 449 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024