Maccabi Mgmt LLC v Cavan 2536 LLC (2025 NY Slip Op 01319)

Maccabi Mgmt LLC v Cavan 2536 LLC

2025 NY Slip Op 01319

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 304744/13|Appeal No. 3856,3857|Case No. 2024-02163, 2024-02872|

[*1]Maccabi Mgmt LLC, as Assignee of Arash Merabi, Plaintiff-Respondent,
v
Cavan 2536 LLC, et al., Defendants, F&M Funding LLC, et al., Defendants-Appellants.

Galgano Sharp LLP, White Plains (Eric R. Sharp of counsel), for appellants.
Castro Law Group PLLC, New York (Claude Castro of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about April 11, 2024, in favor of plaintiff Maccabi Mgmt., LLC and against defendants Cavan 2356 LLC, F&M Funding LLC, and Frank G. Palazzolo, jointly and severally, in the total amount of $2,424,132.09, and bringing up for review an order entered February 29, 2024, same court and Justice, which, to the extent appealed from as limited by the briefs, after a nonjury trial, found Cavan and Palazzolo jointly and severally liable for breach of contract (first and second causes of action) and found Palazzolo and F&M Funding jointly and severally liable for tortious interference with contract (fifth cause of action), unanimously modified, on the law, to vacate so much of the order as found Palazzolo liable on the breach of contract causes of action and awarded plaintiff its attorneys fees, and otherwise affirmed, without costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly rejected F&M Funding's and Palazzolo's arguments that there was no breach of contract. When a party to a real estate contract declares time of the essence in setting a closing date, a failure of performance on that date constitutes a default (see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 142 [1st Dept 2012]). Here, plaintiff declared time of the essence in setting a closing date, and it is uncontested that Cavan, the seller, did not show up on the time of the essence closing date. The court also properly found that plaintiff was ready, willing, and able to close on the contract on the time of the essence date (see e.g. Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533-534 [2012]).
Moreover, the court largely rejected, based on credibility determinations, F&M Funding's and Palazzolo's attempts to repackage and paint Cavan's irrefutable breach of the contract in a new light. The court's findings are supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl., 179 AD2d 29, 31 [1st Dept 1992], affd 80 NY2d 490 [1992]).
The court also properly rejected F&M Funding's and Palazzolo's so-called "option defense," which fails for several reasons. Most fundamentally, the defense was premised on a purported option that had expired by its own terms on August 1, 2012, before the parties entered into the contract of sale. F&M had no ownership interest in the premises at the time it entered into the option agreement, and the option agreement was therefore unenforceable as a matter of law (see e.g. Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 162 [1986]; Stojowski v D'Sa, 28 AD3d 645, 645-646 [2d Dept 2006]).
Supreme Court also properly rejected F&M Funding's and Palazzolo's defense that Cavan lacked authority to enter into the contract because defendant Shawn M. Curry had not obtained F&M Funding's and Palazzolo's consent to transfer ownership of the premises to Cavan before the [*2]sale. F&M Funding and Palazzolo explicitly acknowledged in a separate action that they had consented to the transfer of ownership to Cavan, and the recorded deed reflects that Cavan owned the premises at the time of the contract.
However, Palazzolo should not have been found individually liable on the breach of contract claim. The evidence at trial showed that Palazzolo owned and controlled Cavan for at least a one-and-a-half year period between December 2013 and mid-2015. Regardless, Cavan's corporate veil should not have been pierced to reach Palazzolo because plaintiff did not meet the "heavy burden of showing that [Cavan] was dominated [by Palazzolo] as to the transaction attacked and that such domination . . . resulted in wrongful . . . consequences" at the time of breach (Matias v Mondo Props., LLC, 43 AD3d 367, 367-368 [1st Dept 2007]).
The court did properly find, however, that F&M Funding and Palazzolo tortiously interfered with the contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). The evidence at trial established that F&M Funding and Palazzolo manufactured defenses to the contract, which ultimately resulted in a foreclosure sale on the premises, for the express purpose of interfering with plaintiff's contractual rights.
The court also properly calculated damages. As the court appreciated, the appropriate level of damages for breach of contract for the purchase of real property arises from the time of the breach (see White v Farrell, 20 NY3d 487, 499 [2013]). The court properly declined to consider the foreclosure sale price ($4.2 million) in determining the amount of damages at law, as the foreclosure sale occurred five years after the time of the essence date on March 29, 2013, and did not accurately reflect the market value at the time of breach.
The court properly found that plaintiff was not only entitled to damages at law, but also damages in equity (see Piga v Rubin, 300 AD2d 68, 69 [1st Dept 2002], lv dismissed 99 NY2d 646 [2003]). The court also properly found that plaintiff retained an equitable interest in the premises pursuant to the contract such that it was entitled to the surplus funds realized at the foreclosure sale and to the return of its security deposit with interest. However, plaintiff is not entitled to recover its legal fees (see Chapel v Mitchell, 84 NY2d 345, 349 [1994]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025